## CIRCUIT COURT OF PRINCE EDWARD COUNTY

Robert E. Hawkins

v.

Straightline, Inc.,
and Franklin H. Potter

September 5, 1996

By Judge Richard S. Blanton

This matter is before the court on the Defendant's Plea in Bar maintaining that the plaintiff's sole remedy is under the Virginia Workers' Compensation Act. The plaintiff maintains that the Act does not apply to this matter and that he has a right of action as at common law.

Straightline, Inc., is a general contractor which engages in residential home construction. Straightline entered into a contract to construct a home in Prince Edward County for Franklin H. Potter. Straightline requested that Adams Insulation Company, Inc., an insulation contractor, prepare an estimate or bid in regards to completing the insulation work on the home. Straightline has employed Adams to complete insulation work on numerous homes constructed by Straightline. Plaintiff was injured on the Potter jobsite on March 18, 1994, while in the process of preparing the estimate or bid for Adams Insulation Company, Inc., his employer.

Section 65.2-302(B) of the Code of Virginia provides:

> When any person (referred to in this section as "contractor") contracts to perform or execute any work for another person, which work or undertaking is not a part of the trade, business, or occupation of such other person and contracts with any other person (referred to in this section as "subcontractor") for the execution or performance by or under the subcontractor of the whole or any part of the work undertaken by such contractor, then the contractor shall be liable to pay any worker employed in the work any compensation under this title which he would

have been liable to pay if that worker had been immediately employed by him.

It is clear that § 65.2-302(B) requires that in order to be a "statutory employer," the contractor must have contracted with the subcontractor at the time of the injury to the subcontractor's employee. In the case before the court, no contractual relationship existed between the contractor and the subcontractor on March 18, 1994, the date of injury to the plaintiff. Indeed, Adams Insulation Company, Inc., was merely a potential subcontractor. The plaintiff, Adams' employee, was on the jobsite to prepare a written estimate or bid in regards to potential employment. Straightline could accept the bid and enter into a contractual relationship with Adams. Alternatively, Straightline could decide to contract with another subcontractor or complete the work itself with no mutual obligation between Straightline and Adams. Adams prepared the bid without compensation hoping to be later employed by Straightline. However, if Adams' price quotation was unacceptable, Straightline would not contract with Adams. It is clear that the plaintiff was not Straightline's statutory employee because Straightline had not contracted with Adams Insulation, Inc., on the date of the injury.

It is equally clear that the plaintiff was not an employee of Straightline within the meaning of the Virginia Workers' Compensation Act because there was no written or implied contract of hire. It is undisputed that Adams Insulation, Inc., undertook his work in preparing the bid without compensation and with no specific employment obligation on the part of Straightline. Straightline had no right of control over the performance of the plaintiff's work and could reject the bid if dissatisfied with it. Consequently, the plaintiff was not an "employee" within the purview of the Virginia Workers' Compensation Act.

Accordingly, the Defendant's Plea in Bar is denied and overruled.